United States District Court
Middle District of Florida
Jacksonville Division

**DIRECT GENERAL INSURANCE COMPANY,**

    *Plaintiff,*

v.                                          **NO. 3:23-cv-380-TJC-PDB**

**SEAN L. CREAMER & DELVIS T. EASON,**

    *Defendants.*

---

## Order

Delvis Eason moves for a protective order or to quash a subpoena issued to a law firm. Doc. 51. Direct General Insurance Company moves to compel answers to interrogatories, Doc. 62, and responses to requests for production, Doc. 63. The Court heard arguments on the motions. *See* Doc. 67. The order entered on February 21, 2024, Doc. 33, provides an overview of the litigation. The deadline for Eason to produce the discovery, as directed, is **January 21, 2025**.

<u>Eason's Motion for a Protective Order or to Quash</u>

Applying Rules 1, 26(b)(1), 26(c), and 45(d), Federal Rules of Civil Procedure, Eason's motion, Doc. 51, is **denied**.

Direct General resolved some of Eason's concerns by narrowing the scope of the requested discovery and clarifying that it is not requesting privileged documents. *See* Doc. 51 at 10; Doc. 59 at 3–4. Contrary to Eason's argument,

the requested discovery relates to a claim or defense; specifically, the requested discovery relates to the totality of the circumstances considered to determine whether a settlement was realistically possible. *See Barry v. GEICO Gen. Ins. Co.*, 938 So. 2d 613, 618 (Fla. 4th DCA 2006) (explaining that the insurer has the burden of showing, under the totality of the circumstances, the absence of a realistic possibility of settlement within the policy limits). Documents after December 15, 2019, are relevant because, according to Direct General, its adjuster continued to reach out to Eason's counsel about policy-limit settlement checks previously tendered. *See* Doc. 59 at 12.

The cases cited by Eason are non-binding and too fact-specific to be persuasive in this action, with its own unique facts. *See* Doc. 59 at 10–11. Eason's complaint that the law firm must conduct "an onerous privilege review," Doc. 51 at 11, 15–16, is more appropriately made by the law firm. Moreover, without specifics, the Court is unable to determine how onerous the law firm's review would be. Eason's claims of "several hours" on one hand and "an exorbitant amount of time" on the other is unhelpful. *See* Doc. 51 at 16. The period Eason disputes—December 15, 2019, to March 25, 2020, *see* Doc. 51 at 6–7; Doc. 59 at 11— is only a little more than three months.

In short, the law firm must respond to the subpoena, as limited by Direct General.

### Direct General's Motion to Compel Answers to Interrogatories

Applying Rules 1, 26(a), 26(e), 33, and 37 of the Federal Rules of Civil Procedure, Direct General's motion to compel answers to interrogatories, Doc. 62, is **granted in part** and **denied in part**.

The motion is **denied** concerning number two of the first set, Doc. 62-1 at 6, and numbers one and two of the second set, Doc. 62-4 at 6. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). But an interrogatory "that purport[s] to require a detailed narrative of the opposing parties' case [is] generally improper because [it is] overbroad and oppressive." Middle District Discovery (2021) at Section IV.C.2. The interrogatories are overbroad and oppressive in this way.

The motion is **denied** concerning numbers three and four of the first set, Doc. 62-1 at 7. Eason must provide the information through his initial disclosures and supplemental initial disclosures, as required by Rules 26(a) and 26(e), or he faces sanctions under Rule 37(c). The case management and scheduling order, Doc. 27, as amended, Docs. 38, 42, provides the deadlines for Rule 26(a) disclosures and the final pretrial statement, which, under Local Rule 3.06, must include "a list of each witness … with a notation of … the likelihood the witness will testify and … each objection to the witness's testifying," and "a list of each expert witness, with a notation of … the substance of the testimony and … each objection to the witness's testifying." Local Rule 3.06(b)(5)–(6).

The motion is **granted** concerning number five of the first set, Doc. 62-1 at 7. Eason must answer the interrogatory without objection. The interrogatory relates to whether Eason knew about Direct General's attempts to settle the claim for the policy limit, whether Eason intended to provide Direct General an opportunity to settle the claim, and whether Eason gave Direct General a reason for declining to extend the deadline to return the

financial affidavit. As explained, December 15, 2019, is not the cut-off date for relevancy.

The motion is **granted** concerning numbers seven and eight of the first set, Doc. 62-1 at 8–9. Eason must answer the interrogatories without objection. "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Eason asserts, for the first time in his response to the motion to compel, that the interrogatories are improper contention interrogatories and irrelevant. *Compare* Doc. 62-3 at 6–7, *with* Doc. 66 at 7–8. Although Eason may be correct about the nature of the interrogatories, *see* Doc. 68 at 48, he has waived these grounds by failing to timely raise them. He fails to defend his original objections. *See* Doc. 66 at 7–9.

The motion is **granted** concerning number ten of the first set, Doc. 62-1 at 10. Eason must amend his answer to the interrogatory in accord with his counsel's agreement at the hearing. *See* Doc. 68 at 48–50.

The motion is **granted** concerning number three of the second set, Doc. 62-4 at 7. Eason must answer the interrogatory without objection. The interrogatory, like the request for the law firm's documents, relates to Direct General's claim.

The motion is **granted** concerning numbers six through nine of the second set, Doc. 62-4 at 8–9. Eason must answer the interrogatories. Whether or not the subparts should be counted individually toward the 25-interrogatory limit under Rule 33(a)(1), the discovery is not abusive or otherwise unwarranted. To the extent Direct General has exceeded the limit, the Court exercises its discretion to extend the limit.

Direct General's Motion to Compel Responses to Requests for Production

Applying Rules 1, 26(a)(1), 34, and 37, Direct General's motion to compel responses to requests for production, Doc. 63, is **granted in part** and **denied in part**.

The motion is **granted** concerning numbers one through four of the first set of requests, Doc. 63-1 at 4. Eason must respond to the requests without objection. As explained, December 15, 2019, is not the cut-off date for relevancy. Moreover, Eason fails to detail the asserted burden he will face in producing the documents. *See* Doc. 65.

The motion is **granted** concerning number five of the first set of requests, Doc. 63-1 at 5. Eason must respond to the request without objection. He makes the argument that the request is an improper contention request, Doc. 65 at 11–12, for the first time in his response to the motion to compel. *Compare* Doc. 63-2 at 4, *with* Doc. 65 at 11–12. Therefore, he has waived this ground by failing to timely raise it. *See* Fed. R. Civ. P. 33(b)(4). His argument concerning work product, Doc. 65 at 12–13, is unpersuasive; the protection of work product does not apply to counsel's selection of documents for initial disclosures under Rule 26(a)(1) and thus should not apply here. The cases on which Eason relies are non-binding and inapposite. They concern the selection of documents to prepare a witness for a deposition. *See Sporck v. Peil*, 759 F.2d 312, 316 (3rd Cir. 1985) (holding that counsel's selection process used to cull documents and place into a notebook for a party to examine before his deposition represents counsel's mental impressions and legal opinion about "how the evidence in the documents relates to the issues and defenses in the litigation"); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del.

1982) (similar); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) (similar).

The motion is **denied** concerning number one of the second set of requests, Doc. 63-4 at 4. Direct General's counsel stated at the hearing that the retainer agreement between Eason and his counsel in this action is relevant because the day on which Eason signed the agreement is unclear. Doc. 68 at 33. Eason's counsel agreed to disclose the signature date. Doc. 68 at 34. Beyond this resolution, Direct General fails to show relevancy.

The motion is **denied** as moot concerning number two of the second set of requests, Doc. 63-4 at 4. Eason has explained that no responsive documents exist. *See* Doc. 65 at 11.

<u>The Parties' Requests for Sanctions</u>

Applying Rule 37(a)(5), Federal Rules of Civil Procedure, the Court declines to order either party to pay the opposing party's expenses incurred in making or opposing the motions. Eason's motion was substantially justified because reasonable minds could disagree on the dispute. The Court denied in part and granted in part Direct General's motions.

**Ordered** in Jacksonville, Florida, on January 6, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*