**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIRECT GENERAL INSURANCE
COMPANY,

    Plaintiff,

v.                                                                                                                                                       Case No. 3:23-CV-00380

SEAN L. CREAMER AND
DELVIS T. EASON,

    Defendants.
_____

**PLAINTIFF DIRECT GENERAL INSURANCE COMPANY'S**
**MOTION FOR DEFAULT JUDGMENT AGAINST**
<u>**DEFENDANT SEAN L. CREAMER**</u>

Pursuant to Federal Rule of Civil Procedure 55(b)(2) and Middle District of Florida Local Rule 1.10(c), Plaintiff Direct General Insurance Company ("Direct General") asks the Court to enter a Default Judgment against Defendant Sean L. Creamer ("Creamer"), and in support of such motion states:

1.     On April 3, 2023, Direct General filed its Complaint for Declaratory Judgment (D.E. 1), seeking this Court's judicial determination that it neither handled Defendant Delvis T. Eason's ("Eason") underlying claim against Creamer in bad faith nor was responsible to indemnify Eason for the excess judgment against Creamer rendered in the subject underlying lawsuit.

2. On June 21, 2023, Creamer was properly served in this action with a Summons and a copy of the Complaint for Declaratory Judgment. (D.E. 12). *See* **Exhibit A,** Summons to Creamer.

3. Creamer failed to respond to Direct General's Complaint for Declaratory Judgment, seek an enlargement of time, or otherwise appear within the time allotted by the Federal Rules of Civil Procedure. *See* **Exhibit B**, Affidavit in Support of Default Judgment.

4. On July 13, 2023, Direct General filed its Motion for Entry of Clerk's Default Against Creamer. (D.E. 18).

5. On July 17, 2023, a Clerk's Entry of Default was entered against Creamer. (D.E. 19).

6. The Clerk's Default was served on Creamer. *See* **Exhibit C**.

7. On August 21, 2023, Direct General filed a Statement Regarding Unresolved Issues Affecting Default Judgment Against Sean L. Creamer requesting a thirty (30) day extension of time to move for default judgment against Creamer because entry of such judgment at that stage risked inconsistency with unresolved issues related to Eason. (D.E. 21).

8. On August 25, 2023, the Court entered an Order granting Direct General's request to extend the deadline to move for default judgment against Creamer until thirty (30) days after resolution of the claims against Eason. (D.E. 26).

9.  At no point during this action did Creamer ever move to set aside the Clerk's Default, appear, or otherwise file any response and contest the merits of this action.

10. On September 30, 2025, this Court granted Direct General's Motion for Summary Judgment in full, directing the Clerk to enter judgment in favor of Direct General and against Eason. (D.E. 121).

11. In the Court's September 30, 2025 Order granting summary judgment in favor of Direct General, the Court reiterated its prior Order extending Direct General's deadline to move for default judgment against Craemer until thirty (30) days after resolution of the claims against Creamer. (D.E. 121).

12. The September 30, 2025 Order granting summary judgment in favor of Direct General applies just as much Creamer as it does to Eason, as any bad faith claim by Creamer would also be barred by the safe harbor provided for by Fla. Stat. § 624.155.

13. For the purposes of this Motion for Default Judgment, Direct General is not seeking monetary damages from Creamer, only declaratory relief, and timely moves for Default Judgment against Creamer accordingly.

14. Therefore, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Middle District of Florida Local Rule 1.10(c), Direct General requests that this Court enter Default Judgment against Creamer.

15. A copy of this notice is being served to Creamer in jail.

16. A proposed order is attached at **Exhibit D**.

Case No. 3:23-cv-00380-TJC-PDB

WHEREFORE, Plaintiff Direct General Insurance Company requests its Motion for Default Judgment Against Defendant Sean L. Creamer be granted for the reasons stated in this motion.

Respectfully Submitted,

HINSHAW & CULBERTSON LLP

Rory Eric Jurman
Florida Bar No. 194646
rjurman@hinshawlaw.com

Candace D. Cronan
Florida Bar No. 90983
ccronan@hinshawlaw.com

Hinshaw & Culbertson LLP
201 E. Las Olas Boulevard, Suite 1450
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
*Attorneys for Direct General Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2025, the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or on all counsel or parties of record on the Service List below:

**Service List**

Sean L. Creamer
Bay County Jail
Sean Creamer #1013737
5700 Star Lane
Panama City, FL 32404

4

Case No. 3:23-cv-00380-TJC-PDB

Michal Meiler, Esq.
Graciana M. Berlin, Esq.
Ver Ploeg & Marino, P.A.
301 E. Pine Street, Suite 790
Orlando, FL 32801
407-380-9312
407-601-7905 facsimile
mmeiler@vpm-legal.com
gberlin@vpm-legal.com
bvillamor@vpm-legal.com
memanuel@vpm-legal.com
*Counsel for Delvis T. Eason*

                                                <u>s/ Rory Eric Jurman</u>
                                                Rory Eric Jurman

51056\326533430.v1